[Sac. No. 3860. In Bank.—August 30, 1928.]

CONRADINE RITTERBUSCH et al., Respondents, v. CITY OF PITTSBURG, Appellant, and Eighteen Other Consolidated Cases, in Each of Which Plaintiffs are Respondents and City of Pittsburg is Defendant and Appellant.

R. N. Wolfe, City Attorney, J. E. White and Wm. J. Locke for Appellant.

Ostrander & Carey for Respondents.

RICHARDS, J.—This action was commenced by the plaintiff Conradine Ritterbusch and her two children on February 23, 1921, against the defendant, City of Pittsburg, a municipal corporation of the sixth class, to recover damages for the death of Carl D. E. Ritterbusch, husband and father respectively of the plaintiffs, alleged to have been caused through typhoid fever contracted by reason of the negligence of the said defendant in permitting its municipal water supply furnished to the inhabitants of said city to become impure, unwholesome, unpotable, polluted, and dangerous to the health of its inhabitants drinking and using said water. On the date of the commencement of said action twenty other separate actions were commenced against the same defendant, based upon the same statement of facts and differing only in the elements of damage and amount of recovery. The defendant, upon being duly served, moved in each of said actions to have the same transferred to another county for trial, and upon stipulation of the parties plaintiff each and all of said actions were transferred for trial to the county of San Joaquin, and on the 24th day of October, 1922, were called for trial in the superior court in and for said county before the court sitting without a jury; whereupon it was further stipulated that each of said cases should be separately tried but that all testimony introduced

in any one of the trials should be considered as having been introduced in all of them so far as the same might be applicable to each case, and subject to all legal objections that might be urged against such testimony had it been originally offered in the particular case. Nineteen of said cases were then tried successively. At the conclusion of the plaintiff's testimony in each case the defendant made a motion for nonsuit, which motion the court denied. At the conclusion of the trial each of said causes was submitted for decision and the court on April 30, 1923, filed its findings of fact and conclusions of law in each of said nineteen cases, and judgment was thereupon entered in favor of the plaintiffs and against the defendant in each of said cases. A motion for new trial in each being denied, the defendant appealed from the judgment in each and all of said nineteen cases and by stipulation of the parties and order of this court these nineteen appeals have been consolidated and are to be considered upon a single transcript and set of briefs. The main case to be considered upon these appeals is that of *Ritterbusch* v. *City of Pittsburg*. In the other cases the respondents are, respectively: Ralph R. Laederick, Agnes Ginty, D. F. Bothwell et al., Thomas F. Shannon, Harold De Haven, John G. Bishop, Patricia Haynes, Robert Bishop, James Griffin, Catherine Jane Shannon, Rosalia Haynes, Edgar M. De Haven, John G. Bishop, Jr., Ursula Haynes, Olive Haynes, Thomas Bishop, Phillip Griffin, H. H. Haynes, and the defendant in each is the City of Pittsburg.

The main question to be considered upon these appeals is that of the sufficiency of the evidence to justify the findings and conclusions of law in each of these cases. There are also certain errors of law alleged to have been committed by the trial court in the admission of evidence in the main case applicable to all the other cases, and also certain alleged errors affecting one or other of the individual appeals.

■ The City of Pittsburg has for some years maintained and operated a municipal water supply system for the purpose of furnishing water for domestic uses and drinking purposes to the citizens and inhabitants of said city, for which it charges and collects water rates. The water which the city thus supplies was derived from a certain slough putting off from the San Joaquin River at a point opposite said city and known as New York Slough. It is an undis-

puted fact in these cases that this water in its natural state in said slough is not suitable nor safe for human consumption without being first treated by a purifying process for the purpose of ridding it of typhoid and other bacteria which render it dangerous to the health of consumers. In order to purify said water for its aforesaid proprietary uses the City of Pittsburg, prior to the year 1920, established what is known as a chlorination plant, a process for the purification of said waters before delivery to its inhabitants through its service mains. It was sufficiently shown upon the trial that this particular purifying process was efficient when in operation to remove practically all bacterial contamination from said water and render the same safe for human consumption. It was, however, shown by the testimony of certain witnesses for the plaintiff in the main case that upon a certain night in the early part of June, 1920, the chlorination plant in question was inoperative during a period of about twelve hours and that during said time unchlorinated water was, by the agents of said municipality in charge of its water system, permitted to be let into the water-mains of said city and to be therefrom furnished to the inhabitants thereof for drinking and other domestic uses. There is ample medical and expert evidence in these cases to show that these waters in their thus unpurified condition would be so surcharged with typhoid and other dangerous germs as to render those persons drinking the same liable to attacks of typhoid fever and dysentery as a direct result of its consumption. The trial court permitted evidence to be introduced which strongly tended to show that an epidemic of typhoid fever and dysentery broke forth in said city within the period of about three weeks following the admission of said unchlorinated water into the water-mains thereof, and that as a direct result of the existence of such epidemic Carl Ritterbusch became afflicted with typhoid fever from which he presently died; that each of the other plaintiffs in said actions who sue directly became similarly afflicted and that the children of the plaintiffs in said actions who sue for damages incurred in the nursing and care of their offspring became similarly ill during the same period from one or the other of the above disorders. Evidence was also introduced on behalf of the plaintiffs tending to show that the period during which these illnesses of

typhoid fever and dysentery occurred corresponds to the time within which epidemics of typhoid fever and dysentery follow upon the use of germ infected water. On behalf of the defendant it was sought to be shown that some effort was made by its agents and officials during the brief period when its chlorination process was not in use to purify said water by other means, such as the introduction of lime into its content, but this evidence was unsatisfactory through the failure to show that the substituted method either would or did have the effect of purifying said water.

Considering the evidence in each of these cases as a whole the deduction seems to be inescapable that the epidemic of typhoid fever and dysentery which broke forth in the City of Pittsburg within the aforesaid period after its agents and officials in charge of its water system had permitted unchlorinated water to be served through its water-mains to its inhabitants was directly traceable to that cause, and that the cases of death or illness which form the basis of each of these actions were the direct result of the negligence of the agents and officials of said municipality in the foregoing regard.

The argument put forward by the appellant to the effect that the epidemic in question might have had its origin in other sources, such as the use of water from wells in various parts of the city, creates at best but a conflict in the evidence as to the source of infection, and this evidence is weakened as to its inferences by the fact that while these other sources of water supply had existed for a considerable period of time prior to the month of June, 1920, no epidemic had resulted until the particular period following the pollution of the municipal water supply.

█ Under the head of errors committed by the trial court in the admission of testimony the appellant makes the contention that it was error to permit the introduction of evidence of an epidemic, the argument in that regard being that there was no sufficient pleading in each or any of said cases to justify the admission of such evidence. We are of the opinion that this objection to the introduction of such evidence is without substantial merit, since even with regard to each individual case evidence tending to show that the individual plaintiff was but one of a large number of persons similarly affected would be competent for the purpose

of showing that each individual affection was traceable to a common source.

In so far as the appellant's assignments of error have relation to the evidence introduced affecting one or other of the aforesaid individual cases, we have examined the record in that regard and do not find that these are of sufficient merit to require particular comment or to justify a reversal of the judgment in the particular action to which such alleged errors relate.

Treated by and large, we are of the opinion that the judgment rendered and entered by the trial court in each of the foregoing cases is sufficiently supported by the findings of fact and conclusions of law applicable to each of said cases, and that as to each, the evidence was amply sufficient to justify the findings of fact and conclusions of law of the trial court.

It follows that the judgment in each of the foregoing cases must be, and the same is hereby, affirmed.

Seawell, J., Shenk, J., Waste, C. J., Preston, J., and Langdon, J., concurred.

Rehearing denied.